UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT REMBISZEWSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARY ELIZABETH JACKSON,<br><br>　　　　Defendant. | Case No.   1:15-CV-421-BLW<br><br>**ORDER SETTING TRIAL AND PRETRIAL CONFERENCE** |

On May 17, 2016, the Court held a status conference for the purpose of setting a trial date in this matter. Based on that conference, the Court issues the following order:

NOW THEREFORE IT IS HEREBY ORDERED that the following deadlines and procedures shall govern the remainder of this litigation:

1. Trial Date:   A **3-day** bench trial (without a jury) shall be set for **October 17, 2016 at 1:30 p.m.** in the Federal Courthouse in Boise, Idaho. Beginning on day two, trial shall begin at 8:30 a.m. and end at 2:30 p.m., with two fifteen minute breaks.

2. Pretrial Date:   A telephonic pretrial conference shall be held on October 3, 2016, at 4:00 pm. Counsel for Plaintiff shall initiate the call. The Court can be reached at (208) 334-9145. The purpose of the conference is to discuss and resolve (1) the legal issues remaining in the case; (2) evidentiary issues; (3) trial logistics; and (4) any other matter pertaining to the trial. Not less than twenty days prior to the date of the pretrial conference, the parties shall communicate and reach agreement on as many items as possible. The parties shall be prepared to discuss with the Court those items over which

**Order Setting Trial and Pretrial Conference - 1**

counsel disagrees.

3. <u>Witness Lists</u>:   The parties shall exchange witness lists on or before September 19, 2016. The witness lists shall contain the material listed in F.R.C.P. 26(a)(3)(A)&(B), and shall include a full summary, not just the subject, of the witnesses' expected testimony.

4. <u>Exhibit Lists, Exhibits, Trial Briefs and Motions in Limine</u>:   All exhibit lists, trial briefs, and motions in limine shall be filed with the Court on or before September 19, 2016.  On the same date the parties shall exchange all trial exhibits, but shall not provide them to the Court until the day of trial.   Counsel shall only provide the Court with a set of original pre-marked exhibits.   Because of the use of electronic evidence presentation systems, it is unnecessary to provide any copies.   Counsel may wish to have available in the courtroom a copy of any exhibits which the Court may find difficult to review through the evidence presentation system.   The exhibit lists shall follow the guidelines set out in Local Rule 16.3(f) to the extent it is not inconsistent with this Order.   The exhibit lists shall be prepared on form provided by the Deputy Clerk, with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk.   Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved for plaintiff's exhibits; exhibit numbers 2000 through 2999 shall be reserved for the first defendant listed on the caption; exhibit numbers 3000 through 3999 shall be reserved for the second defendant listed on the caption; and so on.   Counsel shall review their exhibits, determine any duplication, and jointly mark and stipulate to the admission of those exhibits that both sides intend to offer and rely upon.

5. <u>Settlement/Mediation Deadline</u>: The parties agree that they shall notify the Court on or

**Order Setting Trial and Pretrial Conference - 2**

before **September 5, 2016,** that the case has either settled or will definitely go to trial.

Trial Procedures:

a. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

b. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

c. When counsel announce the name of a witness called to testify, the Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the record. I will then indicate to counsel that she or he may inquire of the witness.

d. Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

e. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by last names.



DATED: May 17, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Order Setting Trial and Pretrial Conference - 4**